# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN WAYNE MCDANIEL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-01473-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |

This matter is before the Court on Allen Wayne McDaniel's ("Plaintiff or claimant") complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for Supplemental Security Income. (ECF No. 1.) The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8.)

The court, having reviewed the record, administrative transcript, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows:

Plaintiff challenges the Commissioner's decision on the ground that the residual functional capacity ("RFC") assessed by the Administrative Law Judge's ("ALJ") failed to take into account a limitation proposed by psychological consultative examiner Dr. Bonilla, without explanation. Specifically, Dr. Bonilla found certain mild to moderate limitations in her functional

1

assessment:
> The claimant's ability to perform simple and repetitive tasks is mildly impaired.
>
> . . .
>
> The claimant's ability to accept instruction from supervisor is mildly impaired.
>
> The claimant's ability to interact with coworkers and the public is mildly impaired.
>
> The claimant's ability to sustain an ordinary routine without special supervision is mildly impaired.
>
> The claimant's ability to maintain regular attendance in the workplace is mildly impaired.
>
> The claimant's ability to complete a normal workday/workweek without interruptions from a psychiatric condition is mildly to moderately impaired.
>
> The claimant's ability to deal with stress and changes encountered in the workplace [is] mildly to moderately impaired.
>
> The likelihood of the claimant [to be] emotionally deteriorated in a work environment is minimal to moderate.

(A.R. 323-324).

In her decision, the ALJ summarized Dr. Bonilla's opinion and made the following assessment:

> The undersigned gives Dr. Bonilla's opinion great weight. The claimant has schizophrenia, but medications improve the symptoms. When medicinally complaint [sic], the mental status examinations showed no hallucinations or delusions. There were also no suicidal or homicidal ideations. Memory and concentration remain poor. There was no history of any psychiatric hospitalizations, suicide attempts, or episodes of mania during the relevant period.

(A.R. 26).

The ALJ then reviewed the opinions of two state agency psychological medical consultants, Dr. Balson and Dr. Murillo. Dr. Balson included the following relevant limitations, which are less severe than the limitations proposed by Dr. Bonilla:

> The ability to understand and remember very short and simple instructions.
>    Not significantly limited.
> . . .
> The ability to perform activities within a schedule, maintain regular

>           attendance, and be punctual within customary tolerances.
>                   Not significantly limited.
>           The ability to sustain an ordinary routine without special supervision.
>                   Not significantly limited.
>           . . .
>           The ability to complete a normal workday and workweek without
>           interruptions from psychologically based symptoms and to perform
>           at a consistent pace without an unreasonable number and length of
>           rest periods.
>                   Not significantly limited.
>           . . .
>           Does the individual have social interaction limitations?
>                   No.

(A.R. 78-79). Dr. Balson also included in the "additional explanation" section, "Would be able to sustain 8hr/40 hr work schedules on a sustained basis." (A.R. 79). Dr. Murillo's opinion on these limitations was the same as that of Dr. Balson. (A.R. 91-92). Moreover, Dr. Murillo similarly opined that Plaintiff "[w]ould be able to sustain 8hr/40hr work schedules on a sustained basis." (A.R. 92).

The ALJ reviewed these opinions and concluded, "The undersigned gives the State agency psychological assessments great weight because they are consistent with the opinion of Dr. Bonilla, which was given great weight for reasons already stated herein." (A.R. 26).

As Plaintiff argues, the opinion of Dr. Bonilla is not exactly consistent with the opinions of Drs. Balson and Murillo because Dr. Bonilla opined that Plaintiff had mild to moderate limitations in certain relevant areas, whereas Drs. Balson and Murillo did not find those same limitations. The question is whether the ALJ's failure to address this inconsistency is reversible error.

As an initial matter, the Court finds that substantial evidence supports the ALJ's RFC. That RFC includes the limitation that Plaintiff "is further restricted in that he can perform no more than simple, repetitive tasks involving no more than 1-2 step instructions." (A.R. 23). That RFC, without further limitations regarding ability to complete the workday, is fully supported by the opinions of the two state agency psychological medical consultants, Dr. Balson and Dr. Murillo, as described above, as well as other evidence discussed by the ALJ including that "mental status examinations were routinely within normal limits, including no hallucinations, reduced paranoid delusions, good mood, and no suicidal or homicidal ideations," (A.R. 25).

3

However, it is also true that the ALJ does not explain why she favored the opinions of Dr. Balson and Murillo over Dr. Bonilla on these points. While the Court is tempted to speculate as to the ALJ's reasons, it is troubled by the fact that when evaluating Dr. Bonilla's opinions, the ALJ explicitly referenced Dr. Bonilla's opinion regarding limitations to the workday/workweek and then gave the opinion great weight. (A.R. 26) ("Dr. Bonilla opined the claimant had mild-to-moderate impairment in his ability to complete a normal workday/workweek without interruption from a psychiatric condition, to perform detailed and complex tasks, and to deal with stress and changes encountered in the workplace. The claimant's likelihood of emotionally deteriorating in a work environment was minimal to moderate . . . . The undersigned gives Dr. Bonilla's opinion great weight.").

The Court also finds that the RFC failed to address at least some of these limitations. Although it addressed the limitation to "simple, repetitive tasks" there is no limitation regarding the ability to complete a workday/workweek.

The Court will thus remand the case to the ALJ to address and resolve this inconsistency. See SSR 96-8P ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations) . . . . The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."); SSR 96-8P ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); Thompson v. Astrue 2012 WL 4513724, at *4 (C.D. Cal., Oct. 2, 2012, No. ED CV 12-265-E) ("In determining Plaintiff's residual functional capacity, the ALJ did not state explicitly whether the ALJ was accepting or rejecting the limitations Dr. Bagner found to exist. Given the ambiguity in the record regarding whether the medical expert considered Dr. Bagner's "mild to moderate" limitations, the ALJ's omission was error. The ALJ should have expressly considered Dr. Bagner's opinions and explained any bases for rejecting those opinions, or should have clarified with the medical expert whether the residual functional capacity the expert found to exist accounted for Dr. Bagner's

mild to moderate" limitations." (internal citations omitted)).

Accordingly, the Commissioner's decision is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: __**January 7, 2019**__  /s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE